[Cite as *P.L. v. M.C.*, 2024-Ohio-5238.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| P.L. | : | |
| | : | |
| Appellee | : | C.A. No. 30139 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 02245 |
| | : | |
| M.C. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 1, 2024

. . . . . . . . . . .

M.C., Pro Se Appellant

P.L., Pro Se Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, M.C., appeals pro se from a judgment granting a civil stalking protection order ("CSPO") in favor of Plaintiff-Appellee, P.L. According to M.C., the judgment was based on false statements, and no evidence was submitted to support

the accusations against her. However, because M.C. failed to file objections to the magistrate's decision, we cannot consider her arguments. The judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 2} On April 17, 2024, P.L. filed a petition in the trial court seeking a CSPO against M.C. In the petition, P.L. alleged that M.C. had threatened her with violence on April 13, 2024, and had then physically attacked P.L. and P.L.'s cousin on April 16, 2024. P.L. further alleged that M.C. had caused her to have two mini-strokes and multiple panic attacks. After issuing an ex parte CSPO, the magistrate set a full hearing for May 2, 2024. The case was then consolidated with another case involving an ex parte protection order against M.C. *See T.A. v. M.C.*, Montgomery C.P. No. 2024 CV 02242.

{¶ 3} Following the full hearing at which both P.L. and M.C. were present, the magistrate filed a final CSPO, to be effective from May 3, 2024, until April 16, 2026. According to the findings of fact, the magistrate concluded that P.L.'s testimony was more credible than M.C.'s. The magistrate further found that M.C. had "knowingly engaged in a pattern of conduct being defined as two or more instances close in time," and that P.L. reasonably feared being physically harmed by M.C. CSPO (May 6, 2024), p. 2. The trial judge then signed the CSPO. M.C. did not file objections to the magistrate's decision; instead, M.C. filed a notice of appeal with our court on May 9, 2024. Shortly thereafter, we issued an order setting deadlines for the appeal. We also instructed the parties to address whether relief could be granted due to the apparent lack of objections

to the magistrate's decision.   *See* Order (May 31, 2024), p. 2.

{¶ 4} After receiving an extension of time to file her brief, M.C. filed a pro se document on July 5, 2024.   This document says (verbatim): "Now comes [M.C.], and hereby gives notice that he/she is appealing . . . THE CIVIL STALKING ORDER JUDGES DECISION entered by said trial court on the MAY2ND of 2024, to the Second District Court of Appeals."   The document also contains a handwritten caption labeled: "Briefs." As noted, the rest of the document asserts that there were false statements and a lack of evidence to support the trial court's decision.   In light of the "brief's" content, we find that M.C. failed to comply with our May 31, 2024 order, which required her to address her lack of objections to the magistrate's decision.

{¶ 5} On July 31, 2024, we issued a show cause order to Appellee, P.L., because the time for filing her brief had expired.   We ordered P.L. to either file a brief or show cause why we should not submit the matter without her brief.   Because P.L. failed to respond to the show cause order, the case has now been submitted for decision.

{¶ 6} Requests for CSPOs are controlled by statute and a specific Ohio Civil Rule. Under R.C. 2903.214(C), a person may seek a protection order against anyone over the age of 18 who has engaged in menacing by stalking in violation of R.C. 2903.211.   That particular criminal offense (menacing by stalking) includes "engaging in a pattern of conduct" that knowingly causes "another person to believe that the offender will cause physical harm to the other person . . . or cause mental distress to the other person. . . ." R.C. 2903.211(A)(1).

{¶ 7} Civ.R. 65.1, which governs civil protection orders, allows trial courts to refer

the special statutory proceeding in R.C. 2903.214 to magistrates. *See* R.C. 65.1(F)(1). If a matter is referred for a full hearing and decision, "the magistrate shall conduct the full hearing and, upon conclusion of the hearing, deny or grant a protection order." Civ.R. 65(F)(3)(a). Further, the rule states that "[a] magistrate's denial or granting of a protection order after a full hearing shall comply with the statutory requirements relating to such orders and is not effective unless adopted by the court." Civ.R. 65.1(F)(3)(c)(i). "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). In addition, "[a] court's adoption . . . of a magistrate's denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 8} As to objections, the rule also provides that "[a] party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order. . . ." Civ.R. 65.1(F)(3)(d)(i). An objecting party "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(iii).

{¶ 9} Regarding the objections, Civ.R. 65.1(F)(3)(d)(iv) additionally says that:

Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available. . . . The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. . . .

{¶ 10} Most importantly, the rule stresses that:

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) . . . of this rule is a final, appealable order. However, *a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal,* and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

(Emphasis added.)   Civ.R. 65.1(G).

{¶ 11} In 2016, Civ.R. 65.1 was amended "to preclude challenges to civil protection orders when an appellant fails to object to a trial court decision."   *Curry v. Bettison*, 2023-Ohio-1911, ¶ 41 (2d Dist.).   As noted, M.C. filed this appeal shortly after the court adopted the magistrate's decision granting the CSPO, and M.C. did not file objections in the trial court as required.

{¶ 12} *Curry* further discussed whether a plain error analysis applies in these situations, noting that "Civ.R. 65.1, unlike Civ.R. 53(D)(3)(b)(iv), does not provide for plain error review where a party fails to object to a decision in the trial court."   *Id.* at ¶ 2.   After

considering the rules in detail, *Curry* clarified and summarized the analysis that should occur in Civ.R. 65.1 appeals. The required analysis is as follows:

> (1) where litigants fail to comply with Civ.R. 65.1(G)'s requirement of filing of objections, they cannot challenge the trial court's decision on appeal, and the decision must be affirmed; (2) no issues that are raised, whether they are phrased as error or plain error, can be considered; (3) this court should not engage in any analysis that directly or indirectly involves the merits of the trial court order; (4) where a litigant has objected in the trial court as specified by Civ.R. 65.1, this court retains the ability to consider error that is raised on appeal, including plain error, if the latter type of error is raised by a party. . . ; and (5) when a party fails to file objections, the court of appeals cannot consider or cite the content of the transcript.

(Citations omitted.) *Id.* at ¶ 67.

**{¶ 13}** Because M.C. failed to file objections in the trial court before appealing, we are precluded from considering her arguments. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.